UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>REALIFE LAND IMPROVEMENT, INC., REALIFE LANDSCAPES, INC., BOOM CLUB, INC., K.B. NURSERY, INC., S.K.B. INDIA, INC., CARMINE L. LABRIOLA, SUSAN D. LABRIOLA,<br><br>                             Defendants. | Civil Action No.: 08- 458 (SDW)<br><br><br>ORDER TO SHOW CAUSE |

THIS MATTER having been opened to the Court by McElroy, Deutsch, Mulvaney & Carpenter, LLP, appearing, attorneys for plaintiff, Selective Insurance Company of America ("Selective"), on notice to defendants, on plaintiff's application for the issuance of an Order to Show Cause; and the Court having read and considered the Verified Complaint, the supporting memorandum of law submitted herewith, the Affidavit of Louis A. Modugno, and this Order to Show Cause; and for good cause shown,

IT IS on this 28th day of January, 2008,

ORDERED that defendants show cause before this Court, at Room 5 C, Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102 on the 5th day of February, 2008 at 2:00 p.m., or as soon thereafter as counsel can be heard, why a preliminary injunctive Order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows,

(1)     Directing defendants, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to deposit collateral with the plaintiff in the amount of $1,491,662 or, alternatively, enjoining and restraining defendants, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, from transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the defendants;

(2)     Directing defendants, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to provide plaintiff with full and complete access to all of defendants' books, records, and other documents, including financial books, records, documents and accounts maintained by them or any of them in which they may have an interest, for inspection and copying;

(3)     Directing defendants, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to render plaintiff a full and complete accounting of all assets owned by them or any one of them in which they or any one of them may have an interest;

(4)     Enjoining and restraining defendants, and each of them, and their officers, agents, employees, attorneys and other person acting on their behalf, from destroying, deleting, tampering, altering or otherwise changing their books, records and other documents maintained by them or any of them;

(5)     Directing the defendants to execute a letter of direction, as necessary, to the relevant obligees directing the obligees to pay any and all proceeds and contract balances due to the defendants from the various bonded projects to plaintiff who shall deposit such funds into a trust account controlled by plaintiff which funds shall be impressed with a trust in favor of and

for the benefit of laborers, materialmen, suppliers, subcontractors and Plaintiff for the exclusive purpose of satisfying the conditions of the bonds issued by the Plaintiff and executed by the defendants and further ordering that should the obligees fail or refuse to make payment to Plaintiff, that the defendants immediately deliver any payment received from the obligees to the Plaintiff for deposit into the trust account;

(6)     Granting any other relief that this Court deems just and equitable; and

**IT IS FURTHER ORDERED** that pending the hearing of plaintiff's application for a preliminary injunction, the defendants and their officers, agents, employees, attorneys and other persons acting on their behalf, are hereby:

(1)     Directed, within ____ days of this Order, to deposit collateral with the plaintiff in the amount of $1,491,662;

(2)     To the extent defendants do not deposit the collateral required, defendants are enjoined and restrained from transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the defendants;

(3)     To the extent defendants do not deposit the collateral required, this Order to Show Cause shall operate as a lien, mortgage or other encumbrance on the assets of each indemnitor in the amount of $1,491,662 and plaintiff is authorized to file this Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the defendants' property may be located;

(4)     To the extent the defendants deposit the collateral required, defendants are directed, within ___ days of this Order, to provide plaintiff with full and complete access to all of defendants' books, records, and other documents, including financial books, records, documents

and accounts maintained by them or any of them in which they may have an interest, for inspection and copying;

(5) Enjoined and restrained from destroying, deleting, tampering, altering or otherwise changing their books, records and other documents maintained by them or any of them

**IT IS FURTHER ORDERED** that pending the hearing of plaintiff's application for a preliminary injunction, the defendants shall execute a letter of direction to the relevant obligees directing the obligees to pay any and all proceeds and contract balances due to the defendants from the various bonded projects to plaintiff who shall deposit such funds into a trust account controlled by plaintiff which funds shall be impressed with a trust in favor of and for the benefit of laborers, materialmen, suppliers, subcontractors and Plaintiff for the exclusive purpose of satisfying the conditions of the bonds issued by the Plaintiff and executed by the defendants and further ordering that should the obligees fail or refuse to make payment to Plaintiff, that the defendants immediately deliver any payment received from the obligees to the Plaintiff for deposit into the trust account;

**IT IS FURTHER ORDERED**, that security in the amount of $ 1,000.00 be posted by the plaintiff prior to Mon, Feb. 4, 2008 at a.m./p.m. 4:00 and

**IT IS FURTHER ORDERED**, that plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court, including, but not limited to, serving a request for Documents, Interrogatories and the taking of depositions of witnesses with knowledge of the facts involved herein. Any such document request, interrogatories or depositions shall be on three (3) days' notice; and

**IT IS FURTHER ORDERED**, that a true but uncertified copy of this Order and the Verified Complaint, together with any and all supporting papers shall be served upon the

4

defendants or their counsel either (1) by personal service or by overnight mail or by certified mail and regular mail or (2) as otherwise permitted by the Rules of Court within __1__ days of the date hereof by counsel for the plaintiff or their designee; and

**IT IS FURTHER ORDERED**, that ~~within _____ days of the date upon which this Order and Verified Complaint are served upon the defendants~~ *on Jan. 30, 2008*, the defendants shall file an answer with this Court and shall serve copies on counsel for the plaintiff and the defendants are hereby notified that if they fail to so file and serve their answer in a timely manner, judgment by default may be rendered against them for the relief demanded in the Verified Complaint, and

**IT IS FURTHER ORDERED**, that if the defendants intend to file opposition papers, they shall serve copies of such answering affidavits and briefs upon Louis A. Modugno, Esq., McElroy, Deutsch, Mulvaney & Carpenter, LLP, 1300 Mount Kemble Avenue, Morristown, New Jersey 07962, counsel for the plaintiff and file the same with the Court on or before *Wed. Jan. 30, 2008*; and that in default thereof, this matter may proceed <u>ex parte</u>;

**IT IS FURTHER ORDERED**, that if counsel for the plaintiff intends to file reply papers, the same shall be served upon counsel for the defendants and filed with the Court on or before *Mon. Feb. 4, 2008*

This Order is entered to maintain the status quo and is without prejudice to the merits, claims, or defenses that have been or may be asserted in this litigation.

SO ORDERED:

_____, U.S.D.J.

5